JOHN D. WHITE v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

**New trial:** QUESTIONS REVIEWABLE ON APPEAL. An order setting aside a verdict and awarding a new trial must rest on the merits of the grounds assigned in the motion, and the appellate court will not review rulings which are not challenged by the motion nor involved in the issues of law raised thereby. The ruling herein on a demurrer to the petition was not involved in the motion for a new trial.

**Same:** DISCRETION OF COURT. The granting of a new trial is so largely a matter of discretion that the order of the trial court will not be disturbed except upon a clear showing of an abuse of such discretion; and the real inquiry on appeal is whether the record shows sufficient ground on which to sustain the ruling.

**Same.** In the present case, which is an action for damages for the loss of property by fire, the evidence disclosed the actual value

of the property to be several hundred dollars and that plaintiff had collected several hundred dollars insurance money. The court charged that the measure of damages was the actual value of the property, but failed to advise the jury of the effect to be given the collection of the insurance money. · *Held,* that the setting aside of a nominal verdict for plaintiff, as contrary to the instructions, was within the court's discretion.

**Action for damages:** PARTIES. The petition in this action discloses that plaintiff had collected insurance on the property destroyed by fire, and the defendant demurred to the petition for failure to make the insurance company a party, but the court holds that as the insurance company could by formal disclaimer or an assignment of its interests to plaintiff eliminate any further right in the premises, it was not a necessary party; and the fact that the assignment from the insurance company was made subsequent to the commencement of the action is held to have been immaterial.

*Appeal from Jones District Court.*—HON. F. O. ELLISON, Judge.

WEDNESDAY, JANUARY 12, 1910.

THE plaintiff as assignee of Asa W. Smith brings this action at law to recover damages for the destruction of a building by fire alleged to have been occasioned by the defendant's negligence. On trial to a jury there was a verdict for the plaintiff for the sum of $1, which verdict was on motion of plaintiff set aside and new trial awarded, from which order the defendant appeals.—*Affirmed.*

*B. H. Miller, James C. Davis, George E. Hise,* and *A. A. McLaughlin,* for appellant.

*Cash & Rinehart* and *Jamison, Smyth & Gorman,* for appellee.

WEAVER, J.—As will be observed from the introductory statement, the appeal we have to consider is from an

order sustaining plaintiff's motion for a new trial. In argument, counsel for appellant assign and argue error alleged to have been committed by the trial court in overruling its demurrer to plaintiff's petition. This question was not involved in the ruling upon the motion for a new trial. That ruling must stand or fall on the merits of the grounds therein assigned, and we do not feel called upon to review prior rulings or orders not challenged by the motion nor involved in the issue of law thereby raised. Had there been a judgment for the plaintiff upon the merits of the controversy an appeal therefrom might well be held to permit a review of all interlocutory rulings which had been properly excepted to, but such we think is not the effect of an appeal from an order granting a new trial.

*1. NEW TRIAL: questions reviewable on appeal.*

It is also elementary that the granting of a new trial is so largely within the discretion of the trial court that the order will not be disturbed on appeal in the absence of a clear showing that such discretion has been abused. The inquiry for our consideration is, therefore, not whether a ruling denying a new trial would have been without prejudicial error, but is rather a question whether the record shows any reasonable ground on which the ruling granting a new trial can be sustained. For this we do not have far to seek.

*2. SAME: discretion of court.*

The court among other things instructed the jury that if it found for the plaintiff the measure of his recovery was "the fair reasonable market value of the property at the time it was destroyed," or if the property had no market value then what the property was "actually worth," taking into consideration its size, location, condition, material, the cost of erecting a new building of like kind, the depreciation which had taken place from time, decay, wear, and tear, and all other circumstances naturally affecting its value for any purpose or use to which it was adapted. Whether correct or incorrect,

*3. SAME.*

this instruction embodied the law which the jurors were bound to observe in finding their verdict. While the evidence tended to show that there was no "market" in the ordinary sense of the word for this property in the city where it was situated, it did show, without substantial controversy, that the building alleged to have been destroyed did have material and substantial value, both for the materials of which it was composed and for use as a barn or place of storage, if for no other purpose. The consensus of opinion expressed by the witnesses on this point would indicate an actual value of at least $600 to $800 for the building as distinguished from the land on which it was constructed. A verdict for the plaintiff for $1 could have been reached only by an oversight on the part of the jury or by an entire disregard of its duty as defined by the court. Counsel argue that the verdict is sustainable on the theory that it is in effect a finding for the defendant. But we can not so construe it. The court charged the jury that unless it found that the building had been destroyed by the defendants' negligence as charged in the petition then plaintiff was entitled to recover nothing whatever, and its verdict should be for the defendant. Unless we are to assume that the jurors cast their instructions wholly aside, the verdict is explainable only on the theory that they found the charge of negligence and consequent destruction of the building to be sustained by the evidence, but that plaintiff's loss occasioned thereby was merely nominal. While such a finding could not be upheld under the evidence and the charge given by the court, the circumstance disclosed in the record that plaintiff or his assignor had collected insurance on the building to the amount of $800 indicates with considerable clearness the probable road by which the conclusion was reached. This explanation appears still more probable when we note that the trial court in its charge wholly omitted to give any instruction as to the effect, if any of the collection of such insurance on the

plaintiff's right to recover damages. Upon such a record we can not say that the court abused its discretion in granting a new trial. Indeed, it is not easy to see how the court could properly have reached any other conclusion. Such being our view we shall not stop to consider other grounds assigned in support of the motion.

Appellant insists that the record affirmatively shows the plaintiff not entitled to maintain the action, and therefore it was error to direct a new trial. Assuming that this question can legitimately arise on the appeal now before us we are disposed to hold the objection not well taken. Plaintiff's petition disclosed the fact that he or his assignor had collected insurance to the amount of $800. The defendant thereupon demurred to the petition because of its failure to make the insurance company a party to the action, and to obviate this objection the plaintiff filed an amendment to his petition alleging and setting out an assignment to him of all rights and interest of said insurance company in the cause of action. This assignment bears date after the commencement of the action, and it is objected that it can not be considered in support of the plaintiff's claim. If we were to assume the correctness of appellant's contention that the insurance company was a necessary party, we see no reason why when the objection was raised it was not perfectly competent for such company to enter a voluntary appearance and the cause be allowed to go on to final determination without the necessity of a dismissal or the institution of a new action *ab initio*. If such proceeding be allowable, it would seem equally proper for the company, either by formal disclaimer or by assignment to the plaintiff, to eliminate itself from all farther right in the premises. The only possible reason for sustaining the defendant's objection to proceeding to a trial upon the complaint of the plaintiff alone would be on the theory that it might thereby be subjected to two claims or

4. ACTION FOR
   DAMAGES:
   parties.

actions on account·of a single liability, and, when that pos-
sibility was removed by the voluntary act of the insurance
company, it would be the veriest refinement of technicality
to say that plaintiff must go out of court and begin his
action anew. We have no statute requiring it; no such
precedent is called to our attention, and we are unwilling
to now establish one.

It is further objected that the assignment to plaintiff
was not sufficiently proved. Without taking time to go
into the details, it is sufficient to say that the evidence in
this respect was sufficient in any event to take the question
to the jury.

· No abuse of discretion appearing in the order of the
trial court granting a new trial, the ruling complained of
is *affirmed.*