MORTON LUMBER COMPANY, Appellant, v. GAYNOR LUMBER COMPANY, Appellee.

NEW TRIAL: Grounds—Verdict Inconsistent With Evidence. A new trial should be granted when the verdict is inconsistent and not reconcilable with the evidence.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

FEBRUARY 12, 1924.

ACTION to recover damages for the cancellation of a con-

tract for the sale of 15 carloads of lath by the plaintiff to the defendant. The defendant filed certain counterclaims. The court submitted the case to the jury, which returned a verdict in favor of the plaintiff in the sum of $100. The motion for new trial was denied, and the plaintiff appeals.—*Reversed and remanded.*

*E. E. Wagner* and *Anderson, Gilbert & Wolfort,* for appellant.

*Henderson, Fribourg & Hatfield,* for appellee.

FAVILLE, J.—The appellant is engaged in the wholesale lumber business in St. Louis, Missouri. The appellee is engaged in the retail lumber business at Sioux City, Iowa. It is appellant's contention that, on or about the 8th day of May, 1920, appellee ordered fifteen carloads of lath from appellant at a price of $11.40 per thousand, and that the order was duly acknowledged by appellant; that thereafter, in contemplation of the fulfillment of said order, appellant ordered fifteen carloads of lath from three different mills, for the express purpose of supplying said order from appellee. Appellant contends that it ordered five carloads from the Lutcher-Moore Lumber Company, at the price of $6.95 per thousand; that it ordered five carloads from the Nona Mills Company, at a price of $10.35 per thousand; and that it ordered five carloads from the Long Bell Lumber Company, at $9.60 per thousand. Appellant sues to recover the difference between the prices at which said lumber was so ordered by it and the price of $11.40 at which it was to furnish the same to appellee. In other words, appellant sues for its profits in the transaction.

Appellee admits that it ordered the fifteen carloads of lath described in the petition and agreed to pay appellant therefor at the rate of $11.40 per thousand, and alleges that appellant shipped two carloads of lath on said order, and that the same did not comply with the order in thickness, width, or length, and that it refused to accept any more of the said lath, and canceled the order. Appellee filed certain counterclaims against appellant. During the trial, the appellant conceded that there was due appellee a credit of $269.53 on one of its counterclaims,

and $77.47 on another of its counterclaims, and the court instructed the jury that said items had been admitted, and submitted to the jury only one item of counterclaim, and this was in respect to the condition of one carload of lath that had been shipped by appellant to appellee, which lath appellee claimed were not of the kind and dimension ordered, and for which it claimed damages in the sum of $308.20.

Appellant contends that, under the evidence in the case, the court should have peremptorily instructed the jury, as requested by appellant, to return a verdict for appellant for the difference between the price at which appellee agreed to purchase the fifteen carloads of lath from appellant and the aggregate cost of thirteen carloads of lath (two carloads having been delivered) to appellant on its order from the several mills manufacturing the same, less the amounts conceded to be due on appellee's counterclaims, said amount being $1,293. In other words, it is appellant's contention that the undisputed evidence in the case shows that it agreed to sell the lath in question to appellee at an agreed price of $11.40 per thousand, and that the undisputed evidence also shows that appellant, in pursuance of said contract with appellee, ordered said lath of the kind required to fulfill its contract with appellee from the different mills at the prices stated, and that the evidence shows without dispute that each of said mills was ready, able, willing, and fully prepared to furnish the amount of lath so required by appellant to fill said order, and at the prices agreed on between appellant and the said manufacturers. It is also appellant's contention that the record in this regard established without any conflict the foregoing matters, and that it was a mere mathematical calculation to determine the amount appellant was entitled to recover, under the undisputed evidence.

The court submitted the case to the jury, and instructed it that, if appellant had established by a preponderance of the evidence that, after receiving the order for the fifteen carloads of lath, it placed its orders for such lath with the three lumber firms in question, and such orders were accepted, and the firms were ready, able, and willing to furnish said lath to appellant, appellant would be entitled to recover as damages the difference in price to be paid appellant by appellee for the said lath and

the price for which appellant had contracted with the said milling companies to furnish said lath to it under said contract.

The evidence shows that the order of May 8, 1920, was not the only transaction between appellant and appellee; that, about a week or ten days prior to the order for fifteen carloads, appellee had given appellant one order for five cars and another for six, which orders were partially unfilled at the time the order of May 8th was received. Appellant's witness testified that appellant was filling these former orders, which were to be shipped to the same place where the fifteen carloads were to go, at the time they received the order for the fifteen carloads. The evidence also shows that, at the time of the cancellation of the order by appellee, the appellant canceled the order for four of the carloads ordered from the Nona mill, and countermanded the order of five cars which it had placed with the Lutcher Company. Two of the cars ordered by appellant from the Long Bell Company were shipped to appellee and received by it, and are involved in its counterclaim. The other three cars which appellant had ordered from the Long Bell Company were shipped to appellee and applied to fill part of the orders prior to the order of May 8th. Also, one of the cars ordered from the Nona mill was applied on one of the prior orders. It is appellee's contention that six of the fifteen carloads ordered on May 8, 1920, are accounted for in this manner.

The sales manager of appellant company testified that his company had orders from appellee for an aggregate of twenty-six carloads. The court propounded to the witness the following interrogatory:

''Q. When you got this contract for the fifteen cars, you immediately made a contract for fifteen cars to fill it? A. Not necessarily to fill that one order. I covered myself by buying fifteen cars, and applied them on any order of Mr. Gaynor as they were shipped.''

The witness also testified: ''We did not order the fifteen cars until we got the order from them. Those fifteen cars were to take care of the entire Gaynor order in this respect. We had the five-car order and six-car order, and they were anxious for shipment on those two orders, the same as on the last order; and when that comes,—the order for the fifteen cars,—we went

out and bought fifteen cars; and as fast as ordered, as cars were shipped on any order, we applied those cars on any one of these three orders, because we wanted to complete his order,—his first orders first; and, at the time this cancellation was made, it left us with a number of various orders which we had placed with the mills, on our hands. Had cancellation not been effected, all of the cars which we bought would have been applied on Gaynor's orders. We were endeavoring to give him the best service possible, by filling his old orders first; and that is why this comes up.''

It is evident upon this record that, at the time the order of May 8th was given for fifteen carloads, appellee had already placed with appellant two other orders, aggregating eleven carloads, and that appellant was in the process of filling these prior orders at the time the order for the fifteen carloads was accepted. Appellee contends that, under the issues as made by the pleadings, it was for the jury to say whether or not the cars on which appellant claims a loss of profit were the cars ordered for the purpose of filling the particular order of May 8th. It appears that four of the cars so ordered were applied on the two prior orders from appellee. Appellee contends that the jury might reasonably have found, under the evidence, that, of the remaining nine cars which could have been used for the purpose of filling the balance of the fifteen-car order, at least six or seven of them were purchased by appellant to fill the balance of the two prior orders; because it appears that some six or seven cars were still due under the two prior orders at the time the order for fifteen cars was accepted, and that appellant was in the process of filling these orders at the time the order for fifteen cars was accepted. Appellee contends that appellant's claim is predicated upon loss of profit on thirteen certain specific cars, which it is claimed were purchased by appellant for the purpose of filling the certain contract of May 8th, and that the evidence of appellant is so conflicting and uncertain that it became a question for the jury to determine whether or not the cars ordered by appellant of the milling companies after May 8th were ordered for the specific purpose of filling the contract of May 8th for fifteen cars, or whether they were part of a general order from appellant to the mill companies to secure enough

cars to cover all of the orders of appellant, including the fifteen carloads ordered on May 8th and the prior orders for eleven carloads that had not yet been filled. In other words, it is claimed to have been a mere "blanket order," to "cover" the entire number of cars the appellant might need, to meet all orders from appellee.

In view of a new trial, we do not express any opinion upon this contention by appellee.

We are of the opinion that the court erred in overruling appellant's motion for a new trial. The verdict of the jury is in no way consistent with the evidence in the case, and cannot be reconciled therewith. If appellant was entitled to recover anything in said case, as the jury found it was, even allowing the counterclaims which were conceded in behalf of appellee, appellant's recovery, under the instructions of the court and the undisputed evidence, must necessarily have been in a greater amount than that fixed by the jury. There was no dispute whatever in the record in regard to the contract price for the purchase of the lath between appellant and appellee, nor was there any dispute whatever in regard to the different prices at which appellant had ordered the lath from the manufacturing companies, nor as to the quantity ordered from each. The verdict was, therefore, a mere mathematical calculation, based upon the number of cars of lath which the jury found, under the evidence, that the appellant ordered, if it did so order, for the specific purpose of filling the particular order of May 8, 1920. The amount of appellee's counterclaims was conceded of record, and the jury was properly instructed in regard thereto. There was no basis of either allegation or proof upon which the verdict of one hundred dollars, as returned by the jury in behalf of appellant, could be predicated.

The court erred in overruling appellant's motion for a new trial. The cause is reversed and remanded, and a new trial ordered.—*Reversed and remanded.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.