## HUBBARD v. THE TOWN OF MASON CITY.

1. **Personal Injury**: INADEQUACY OF DAMAGES: NEW TRIAL. While it is provided by § 2839 of the Code that "a new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, where the damages equal the actual pecuniary injury sustained," yet a court is not required thereby to grant a new trial in every case where the damages are less than the actual pecuniary injury; and in this case, where the jury evidently meant to say, by finding a verdict for one dollar, that plaintiff was not entitled to damages at all, and the preponderance of the evidence was strongly against his right to recover, *held* that a motion for a new trial was prop-erly overruled.

*Appeal from Floyd Circuit Court.*

TUESDAY, JULY 22.

THIS is an action for a personal injury alleged to have been received by plaintiff by falling upon a defective sidewalk in Mason City. There was a trial by jury, and a verdict for the plaintiff for one dollar, and he appeals.

*Blythe & Markley* and *P. J. Dougherty*, for appellant.

*Miller & Cliggitt* and *Starr & Harrison*, for appellee.

ROTHROCK, CH. J.—It appears from the evidence that the plaintiff was in Mason City on the first day of December, 1880, from sometime in the forenoon until after dark. His business there appears to have been to give some attention to a prosecution which was pending before the district court against him for keeping a saloon at Rockwell, the place of his residence. He appears to have spent most of the day in the saloons of the city. After nightfall he left a saloon to go to the railroad depot to take a train for his home. He claims that on his way to the depot he fell and injured his ankle by reason of a defect in the sidewalk. He was the principal witness upon the trial, and, while he was able to remember distinctly that he was injured by a fall upon a defective sidewalk, it was about all that occurred to him on that day of which he could give any intelligent account. The fact is, as is abundantly shown..by the record; that he was beastly drunk for some time before he claims he received the injury. He was so drunk as to need assistance in going up stairs. It is true, one of his counsel, who was with him on that day, and others who saw him, testified that he was not drunk, and, while we might not be inclined to set aside a verdict of a jury upon the evidence if they had found him to be sober, yet the very decided preponderance of the evidence is to the effect that he was drunk. That he

was injured in some way is not questioned. His ankle was seriously injured when he reached the depot. He removed his boot, and applied whiskey to it from a bottle which he had in his pocket, and, when the train arrived, he was put aboard of it and went to his home, where, for some time, he was under the care of a physician. Now, as a question of fact, if we were called upon to determine it, we would hesitate long before finding that the plaintiff received his injury by reason of a defective sidewalk, because, as the plaintiff is unable to give an intelligent account of anything else that came under his observation on that day, we would be slow to believe his account of the manner in which he received his injury. And these observations are aside from the question as to the plaintiff's negligence as affected by his drunken condition.

The main question presented on this appeal is, whether the court should have set aside the verdict because the damages were inadequate as compensation for the injury. It is provided by section 2839 of the Code, that "a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, where the damages equal the actual pecuniary injury sustained." This is an absolute limitation upon the power of courts to grant new trials in the cases referred to in the statute. But it does not follow that the courts are required to grant new trials where the damages do not equal the actual pecuniary injury sustained, and we think the record shows this to be just such a case. Suppose that the verdict had been for a substantial amount of money, and the defendant had asked that it be set aside because it was not supported by the evidence, and the court had sustained the motion, the ruling would have been promptly sustained by this court. Now, if the court below was of opinion, and it might well have been of such opinion, that the plaintiff was not entitled to any verdict under the evidence, the ruling was correct.

The case is entirely different from an action for a liquidated sum of money, where a party is either entitled to a verdict for

a definite amount, or not entitled to anything. It is very evident that the jury in this case did not believe that plaintiff was entitled to damages. If they did so believe, they would have given more than a nominal sum. The verdict is really equivalent to a finding that he was not entitled to recover, and such finding is supported by the evidence, because we think the evidence shows that he was not entitled to recover. There are some other objections to the rulings of the court discussed by counsel for appellant that we do not deem it necessary to refer to in detail. None of them appear to us to be well taken.

AFFIRMED.