CLARENCE STONE, Appellee, v. VERNE TURNER, Appellant.

**NEW TRIAL:** Grounds—Inadequacy of Verdict in Tort Case. New trial may be granted on the ground of inadequacy of damages awarded in an action for willful and malicious tort.

*Appeal from Hancock District Court.*—C. II. KELLEY, Judge.

WEDNESDAY, NOVEMBER 22, 1916.

Action at law to recover damages for willful and malicious injuries. Defense a general denial, and a plea that the injury was purely accidental. Trial to a jury, and verdict for plaintiff in the sum of $428.46, $300 of which was for the injury to the minor, and the remainder, awarded his father for expenditures. On plaintiff's motion, a new trial was awarded, largely on the ground of the inadequacy of the verdict. The appeal is from the ruling on the motion.— *Affirmed.*

*Blythe, Markeley, Rule & Smith, John Hammill* and *F. M. Miles,* for appellant.

*Senneff, Bliss & Witwer,* for appellee.

Deemer, J.—Clarence Stone, at the time this action was commenced, was a minor, and the suit was brought by his father, to recover damages for the injuries received by his minor son, and also to recover the expenses incurred by him (the father), due to the injury received by the son. The charge was that defendant, also a minor, willfully and maliciously discharged a loaded gun at and into the face and eyes of the minor son, whom we shall hereafter call plaintiff, with the willful intent of injuring him, and that, as a result, his left eye was destroyed, his face and head filled with shot, which still remain therein; that the sight of the left eye was entirely destroyed, and the other eye rendered subject to disease; that he, plaintiff, has suffered great pain; and that his injuries are permanent. The case was submitted to the jury on the theory that plaintiff could recover only in the event that he showed that the injuries were inflicted willfully and maliciously; and that, if nothing more than negligence was shown, plaintiff could not recover. The instructions with reference to willful and malicious injuries were not complained of, and they constitute the law of the case. The testimony showed, or tended to show, the following facts:

Plaintiff and defendant were schoolmates, although not chums or cronies. Plaintiff was 14 years of age, and defendant, 15. They lived within a few blocks of each other, in the town of Britt, and, on the day plaintiff received his injuries, they went to Eagle Lake, near the town, where they were expecting to meet some other town boys. Arriving at the lake, they went to the boathouse, and near at hand discovered an automobile, belonging to a man by the name of Castle, who was out on the lake hunting. The two boys played around the automobile awhile, and until Mr. Castle came ashore.

They assisted Castle in carrying his game into the boathouse, and noticed that he (Castle) had left his gun outside of the house. Castle told the boys to leave the gun alone. Disregarding his admonition, defendant took the gun, which was a single barrel repeating shotgun, with a safety appliance just ahead of the trigger, so arranged that the gun could not be discharged without removing the catch. Defendant examined the gun in the presence of plaintiff, and found there was a loaded shell in it. He remarked to plaintiff that there was a good shell in the gun. Almost immediately, he raised the gun, and pointed the same at plaintiff. Plaintiff told him not to do so; but defendant still persisted in pointing the gun, and plaintiff, becoming alarmed, ran toward the automobile, which was 20 or 30 feet away, holding one arm up in front of his face as a guard. Plaintiff ran around the automobile, so as to place it between him and defendant. Defendant was all this time laughing at plaintiff, but still holding the gun on him. Arriving behind the auto, plaintiff squatted to the ground, but finally poked his head up to see what defendant was doing; and, as he did so, defendant discharged the gun at plaintiff, most of the load striking plaintiff in the head and face, destroying the sight of one eye, and imbedding something like 20 shot in his face and head, where many of them still remain, either in the flesh or skull. Plaintiff suffered considerable pain, and the injury to his eye is permanent; and the testimony shows that the other eye is likely to suffer sympathetically, or is in great danger from disease or injury. It also shows that it will take some time for the one eye to adjust itself to its new conditions, and that plaintiff will suffer therefrom.

Almost immediately upon the discharge of the gun, the owner appeared upon the scene, and discovered plaintiff reeling around as if he were crazy, and exclaiming, "I told you not to point it at me." Very soon thereafter, another witness arrived on the scene, and then plaintiff declared: "I ran around the automobile and then you shot me," address-

ing his remarks to defendant. Defendant immediately became frightened, thought plaintiff might die, and that he (defendant) would suffer the penalty. Defendant testified that he did not intend to shoot or kill the plaintiff, and that the whole matter was purely an accident, although his testimony as to how the gun came to be discharged is a little conflicting. Plaintiff declared on the witness stand, in answer to the question quoted, as follows:

"He was pointing the gun at me, and I ran and held up my arm. Q. And state whether or not that was why you ran? A. Well, when I told him not to and he laughed at me, I thought maybe he might have meant to aim it at me, or maybe he' didn't."

Our statute on new trial, contrary to the written law of most of the states, and contrary to what is generally understood as the common law, now provides that a new trial may be awarded on the ground of inadequacy of the damages awarded. See Code Sec. 3755, as explained in *Hubbard v. Town of Mason City*, 64 Iowa 245; *Kinser v. Soap Creek Coal Co.*, 85 Iowa 26; *Ward v. Marshalltown L. P. & R. Co.*, 132 Iowa 578; *Tathwell v. City of Cedar Rapids*, 122 Iowa 50. And in such cases, a large discretion is vested in the trial court. Its order granting a new trial on this ground will not, as a rule, be disturbed, unless there has been an abuse of discretion. Assuming that plaintiff was entitled to actual damages for a willful and malicious tort, that he suffered the loss of an eye, endured pain and suffering, is permanently injured, and is likely to have trouble with his other eye, that shot are embedded in his flesh or skull, and that his injuries are permanent, and he is disqualified for certain kinds of work, we are satisfied that the trial court did not abuse its discretion in setting aside the verdict for $300 because it was inadequate. Whether or not the act was willful and malicious within the meaning of the law, was a jury question, and that issue was, as we think, properly submitted. The jury having found for plaintiff on that issue,

under instructions which are not complained of, the court did not abuse its discretion in setting the verdict aside.

Appellant's main propositions are that a verdict should in no case be set aside for inadequacy. Although this was the rule prior to the adoption of the Code of 1873, as pointed out in the cases cited, it is not the present one.

Again, it is said that plaintiff was not entitled to anything more than nominal damages. The verdict, however, is bottomed upon the theory of compensatory damages, and the finding was for plaintiff on that issue. The question then is, assuming liability for the actual damages sustained, Was the amount awarded reasonably adequate, or was it so inadequate as to indicate that the jury became confused, and neglected to follow the court's instructions? As already suggested, this was a fair question for the trial court, and, as it granted the motion, we are not justified in interfering.

. It cannot be fairly said, however, that the verdict was really for the defendant; for more than nominal damages were awarded. No error appears, and the judgment must be, and it is,—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.