ESTO STRAYER, Appellant, v. DORA W. O'KEEFE, Appellee.

**TRIAL:** Instructions—Waiver of Elaboration. An instruction which
1   directs the jury to allow a party damages for the ''mental anguish
she has suffered as a direct result of such injuries'' is all-sufficient,
in the absence of any request for a more specific statement of the
elements which may in the particular case constitute mental anguish.
(See Book of Anno., Vol. 1, Sec. 11491, Anno. 26 *et seq.*)

**NEW TRIAL:** Grounds—Inadequacy of Verdict—Discretion. The court
2   has a very large discretion in ruling on a motion for a new trial on
the ground of the inadequacy of a verdict for personal injuries.
(See Book of Anno., Vol. 1, Sec. 11550, Anno. 25 *et seq.*)

**Headnote 1:** 3 C. J. pp. 853, 857; 17 C. J. pp. 1063, 1075; 38 Cyc. p.
1694. **Headnote 2:** 29 Cyc. p. 1009.

**Headnote 2:** 28 L. R. A. (N. S.) 130; 31 A. L. R. 1091; 20 R. C. L. 283.

*Appeal from Black Hawk District Court.*—E. B. STILES, Judge.

NOVEMBER 16, 1926.

Action for personal injury resulting from the negligent use by defendant of her automobile. From a verdict for $250 in favor of plaintiff and judgment rendered thereon, she appeals.—*Affirmed*.

*Pike, Sias, Zimmerman & Frank*, for appellant.

*Edwards, Longley, Ransier & Harris*, for appellee.

ALBERT, J.—So far as the questions involved herein are concerned, little of the record need be stated.

On the 5th of September, 1924, about 6 P. M., appellant, in attempting to cross one of the streets in the city of Waterloo, was struck and knocked down by an automobile owned and

driven by appellee. On the 7th of September, appellant gave birth to a stillborn child. As a result of said accident, her body showed various contusions; and it is claimed that the birth of the child was premature, and brought about as a result of this accident.

In the instructions, the court, after having properly defined the elements constituting the cause of action and told the jury that, if each and all of these elements were proven by a preponderance of the evidence, the question then for the jury was the amount of damages shown by the evidence to have been suffered by the plaintiff, then continues:

"The measure of plaintiff's recovery, if she is entitled to recover, is such a sum as will fairly compensate her for the damage directly resulting to her in consequence of the negligence on the defendant's part complained of in the petition. In arriving at the amount of such recovery, if any, you should consider the amount of expense incurred by her for medical, nursing, and hospital bills directly resulting from the injuries she received, and the bodily and physical pain and mental anguish she has suffered as a direct result of such injury. You should indulge in no speculation in these matters, but should award such sum as, computed at the present time, will fairly compensate the plaintiff, as the same is disclosed by the evidence.

1. TRIAL: instructions: waiver of elaboration.

"You are further instructed that the evidence tending to show that the plaintiff gave birth to a stillborn child should not be considered by you unless you believe that the preponderance of the evidence shows that such premature birth was the direct result of defendant's negligence; and even in such case the same should be considered by you for the sole purpose of assisting you, if it does assist you, in determining the amount of mental anguish which the plaintiff has suffered, if any, as a result of defendant's negligence."

The actual question raised as to this instruction is stated by appellant to be:

"Where a miscarriage is occasioned by the negligent act of the defendant, plaintiff is entitled to compensation for the mental suffering which she had endured before the birth by reason of her apprehension of the child's deformity, and also for her

suffering at the time of the birth, caused by disappointment in finding that she had not been delivered of a sound child."

This instruction must, of course, be read as a whole. It does say to the jury that they should award the plaintiff damages for the "mental anguish she has suffered as a direct result of such injuries." These are all including terms, and of necessity cover every element which could be considered as causing mental anguish. In other words, the terms, as used in this instruction, are not limited, and any element that could be considered as a part of mental anguish is included in the term used in the instruction. If appellant had wished a more specific statement of the elements which constitute or go to make up mental anguish, she should have requested an elaboration of the instruction accordingly. By her objection she insists that the mental anguish suffered by the mother between the accident and the delivery of the child, her apprehension of the child's deformity, and her disappointment in finding she had not been delivered of a sound child, are such elements. If so, they are included in the general term used; and if appellant had wished them especially called to the attention of the jury, she should have requested additional instructions covering the same. *Little v. Iowa St. Trav. Men's Assn.*, 154 Iowa 440; *Haradon v. Sloan*, 157 Iowa 608; *Peterson v. McManus*, 187 Iowa 522, 552.

The only question raised by the motion for a new trial is that "the verdict of the jury is contrary to law, in that the damages recovered by the plaintiff are inadequate, under the record as made in the trial of the cause." The motion for a new trial was overruled, and this is assigned as error.

It is a well settled rule in this state that inadequacy of damages awarded in actions of this kind is peculiarly a matter within the discretion of the trial court, and the only question involved 2. NEW TRIAL: on appeal is a question of whether or not the grounds: inadequacy of verdict: district court abused its discretion in refusing discretion. to set the verdict aside on the question of inadequacy. *White v. Chicago & N. W. R. Co.*, 145 Iowa 389; *Clark v. Iowa Cent. R. Co.*, 162 Iowa 630; *Stone v. Turner*, 178 Iowa 561. In *Ward v. Marshalltown L., P. & R. Co.*, 132 Iowa 578, at page 581, we said:

"A large discretion is vested in the court in matters of this kind."

In the *Stone* case, supra, we said:

"Its order granting a new trial on this ground will not, as a rule, be disturbed, unless there has been an abuse of discretion."

The cases cited by appellant, to wit, *Stone v. Turner, White v. Chicago & N. W. R. Co., Ward v. Marshalltown L., P. & R. Co.,* supra, *Clark v. Iowa Cent. R. Co.,* 162 Iowa 630, and *Migliaccio v. Smith Fuel Co.,* 151 Iowa 705, are each and all cases where the lower court granted a new trial, and it was held that the court did not abuse its discretion. The question therefore is, not what we would have done, had we been sitting as a district judge in the trial of the case, but whether or not, in what the district judge did, he abused his discretion.

We have no doubt that there are cases that might arise where the damages awarded by the jury would be so distressing to one's idea of real justice that this court would say that in refusing a new trial the district court had abused its discretion. We have, however, read this record with care, and cannot find that the action of the district court in refusing this motion for a new trial was an abuse of its discretion. The case seems to have been fairly tried and submitted, and the instructions fairly cover the matters involved, and are sound so far as they go. It is our opinion that appellant cannot complain as to the instruction; neither can she complain as to the action of the court in overruling the motion for a new trial.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.