GEORGE DeMOSS, Appellant, v. BROWN CAB COMPANY, INC., Appellee.

No. 42145.

APRIL 3, 1934.

Putnam, Putnam, Langdon & Fillmore, for appellant.

Mulvaney & Mulvaney and Isador Robinson, for appellee.

CLAUSSEN, C. J.— The case was tried to a jury, which returned a verdict in favor of plaintiff for $216.51. The testimony

discloses, without dispute, that plaintiff sustained serious injuries as a result of the accident which forms the basis for this suit. The hospital bill paid by him amounted to $216.50. In addition to the hospital bill, plaintiff paid substantial sums for medical and surgical attention. He was incapacitated for some time as a result of his injuries. Plaintiff was not satisfied with the amount of the verdict and made a motion for a new trial, based upon the ground, among others, that the verdict was grossly inadequate. The motion was overruled by the trial court. Of this action appellant complains.

We have recognized that granting a new trial on account of the inadequacy of the verdict is a matter peculiarly within the discretion of the trial court and that the action of the trial court in denying the motion based on that ground will only be disturbed when it appears that the trial court has abused its discretion. Strayer v. O'Keefe, 202 Iowa 643, 210 N. W. 761. It has been recognized by this court that a new trial may be granted because the verdict of the jury is inadequate. Tathwell v. City of Cedar Rapids, 122 Iowa 50, 97 N. W. 96. It has also been held by this court that, when the verdict of the jury is manifestly inadequate the refusal of the trial court to grant a new trial constitutes reversible error. Strever v. Woodard, 160 Iowa 332, 141 N. W. 931, 46 L. R. A. (N. S.) 644; Morton Lumber Co. v. Gaynor Lumber Co., 197 Iowa 308, 196 N. W. 1018. Applying these rules to the situation presented by the record, we reach the conclusion that the verdict of the jury is so inadequate that a new trial should be granted. The amount of the verdict is one cent greater than the hospital bill paid by plaintiff. Over and beyond the hospital bill, plaintiff has paid substantial sums for medical and surgical services made necessary by the injuries which he received. The verdict of the jury in favor of plaintiff establishes the liability of the defendant for the reasonable value of such services. Plaintiff sustained serious injuries to his person. The conclusion cannot be escaped that the amount of the verdict was not arrived at by determining the various elements of recovery to which plaintiff was entitled under the law and the instructions of the court.

Upon the trial of the case the defendant called a physician and surgeon as a witness in its behalf who made a casual inspection of plaintiff's injured limb while plaintiff was seated in the witness chair and who examined X-ray pictures of the injured limb while on the witness stand. Over objection on the part of plaintiff, the

witness was permitted to testify to the course of recovery in injuries of the kind disclosed by the X-ray pictures in average cases. The witness testified that the examination which he had made of the injured limb and the information which he could glean from the X-ray pictures would not enable him to determine whether plaintiff was an average case. The information necessary for the determination of that question was not furnished to the doctor by hypothetical questions. Appellant asserts that the trial court was in error in admitting such testimony. We think appellant's contention must be sustained. In the absence of evidence indicating that appellant was an average case, testimony in relation to the recovery usually made in average cases was manifestly irrelevant and immaterial. It is not necessary to pursue the inquiry further, because a similar situation is not likely to arise upon a retrial of the case.

The record does not disclose the date when the petition was filed; neither does it disclose when the defendant's answer was filed. The trial of the case was begun on November 30, 1932. On December 1, 1932, defendant filed an amendment to its answer setting up an ordinance of the city of Des Moines requiring every vehicle used upon the streets to display a red light on its rear from one-half hour after sunset until one-half hour before sunrise. It was claimed by the defendant that plaintiff made a statement shortly after the accident indicating that he knew of this ordinance. This statement was referred to by counsel for defendant in argument. By way of reply to this argument, counsel for plaintiff argued that counsel for the defendant did not know of the existence of this ordinance until the time the amendment to the answer was filed and consequently plaintiff probably did not know of the existence of the ordinance, in view of which counsel argued the claim that such admissions were made at the time of the accident would be preposterous. The trial court sustained objection to this line of argument. We think the action of the trial court was correct. The fact, if it be a fact, that defendant's attorneys did not know of the existence of the ordinance would shed no light upon the question whether plaintiff had knowledge of the ordinance. The trial court has a large discretion in controlling argument of counsel to the jury.

It follows from what has been said that the action of the trial court in denying the motion for a new trial must be reversed.— Reversed.

EVANS, ALBERT, KINDIG, and DONEGAN, JJ., concur.