Gordon M. COWAN, Appellant,

v.

Tommy A. FLANNERY and Tom
Flannery, Sr., Appellees.

No. 89–1083.

Supreme Court of Iowa.

Sept. 19, 1990.

As Amended on Denial of Rehearing
Oct. 18, 1990.

**156**

Edward J. Keane and Daniel L. Flaherty of Margolin, Gildemeister, Willia, Mugan & Keane, Sioux City, for appellant.

Michael P. Jacobs of Kindig, Beebe, Rawlings, Nieland, Probasco & Killinger, Sioux City, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this comparative fault case, the jury awarded damages for medical expenses, both past and future, but did not allow damages for pain and suffering. Plaintiff's motion for new trial based upon an inadequate award was denied by the trial court. On appeal, the court of appeals found the district court had abused its discretion and reversed the court's judgment. We affirm the decision of the court of appeals.

On July 8, 1987, an automobile driven by Gordon Cowan collided in an intersection with a grain truck owned by Tom Flannery, Sr., and driven by Tommy A. Flannery. Cowan brought an action alleging the negligence of Flannery caused the collision and resulting damages. The Flannerys denied negligence and denied Cowan had sustained any compensable injuries.

At trial the court instructed the jury regarding witness credibility. The court advised the jury:

> In determining the facts, you may have to decide what testimony you believe. You may believe all, part or none of any witness's testimony.

> .    .    .    .    .

> You may disregard all or any part of a witness's testimony if you find the witness made inconsistent statements before trial.

Upon the question of damages, the court instructed the jury:

> If you find a plaintiff is entitled to recover damages, you will determine the amount. In doing so you will consider the following items:

> (1) The reasonable value of his necessary expenses for medical services from the date of the accident to the present time.

> (2) The present value of any reasonable and necessary medical expenses which he will have in the future.

> (3) The present value of any loss of his future earning capacity.

> (4) The loss of function of his body from the date of the accident to the present.

> (5) The present value of any future loss of functions of his body.

> (6) His physical and mental pain and suffering from the date of the accident to the present.

> (7) The present value of any physical and mental pain and suffering which he will have in the future.

The court submitted the following question as a part of the special verdict form:

> *Question No. 6:* What is the total amount of damages, if any, sustained by the plaintiff without taking into consideration any reduction of damages due to his own negligence?

> State the amount, if any, which you find for each item of damages.

ANSWER:

| | |
|---|---:|
| Past medical expense | $ 4,000 |
| Future medical expense | $17,220 |
| Loss of future earning capacity | $ — |
| Past loss of bodily function | $ — |
| Future loss of bodily function | $ — |
| Past pain and suffering | $ — |
| Future pain and suffering | $ — |
| Total: | $21,220 |

The jury found thirty percent of the combined negligence was attributable to Cowan and seventy percent to Flannery. The jury also found Cowan failed to wear a seat belt and that as a result his damages should be reduced three percent.

Based upon the jury's verdict, the court entered judgment in favor of Cowan in the amount of $2716 plus interest at 9.15% from the date of filing the petition and judgment of $11,692.38 plus interest at the rate of 9.15% from June 2, 1989, the date of the jury verdict.

Cowan filed a motion for new trial or conditional new trial. Iowa R.Civ.P. 244, 250. The court in its ruling found:

> The plaintiff contends that the verdict is internally inconsistent and that it is not supported by the evidence.
>
> The total amount of damages found by the jury is reasonable and supported by the evidence. The itemization of personal injury damages is normally a matter for the jury to determine, especially when the damages relate to future earning capacity, loss of bodily function and pain and suffering.
>
> Since the advent of the damage itemization requirement, this court has not received any verdict which was not subject to the argument made by the plaintiff in this case. Considerable deference must be given to the jury's itemization of damages if we are ever again to have final verdicts in personal injury actions.

I. *Comparative Fault—Interest on Award for Future Damages.* A negligence claim for damages resulting from injury to a person is now brought under the provisions of chapter 668 of the Iowa Code; liability in tort—comparative fault. This chapter requires a jury to answer special interrogatories as to the amount of damages each claimant will be entitled to recover if contributory fault is disregarded and the percentage of the total fault allocated to each claimant. Iowa Code § 668.3(2). The court should not discharge the jury until the court has determined the verdict or verdicts are consistent with the total damages and percentage of fault. Iowa Code § 668.3(6). Interest is allowed on all money due on judgments. Interest awarded for future damages accrues from the date of the entry of the judgment; interest awarded for past damages accrues from the date of the commencement of the action. Iowa Code § 668.13(1)(4). As a consequence of this statutory provision, adopted in 1987, the jury must identify the amount of the award given for future damages.

II. *Inadequate Damages as a Ground for New Trial.*

A. *General.* Under our rules of civil procedure an aggrieved party may be granted a new trial where the jury awarded excessive or inadequate damages appearing to have been influenced by passion or prejudice, or where the verdict is not sustained by sufficient evidence, or is contrary to law. Iowa R.Civ.P. 244(d) and (f). The court may permit a party to avoid a new trial by agreeing to such terms or conditions as a court may impose. Iowa R.Civ.P. 250. A new trial is not a matter of right. The grounds for new trial listed in our rules are not exclusive. In ruling upon motions for new trial, the court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). We are slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(4).

In *Kautman v. Mar–Mac Community School District,* 255 N.W.2d 146 (Iowa 1977), we stated:

> It is well settled the trial court has wide, but not unlimited, discretion in ruling on a motion for new trial. Ordinarily the jury should be allowed to settle disputed fact questions, but that, too, is a limited

power and one which must be exercised within the framework of the evidence in any particular case. A verdict should not be set aside as either too large or too small simply because the reviewing court would have reached a different conclusion. The court always has inherent power to set aside a verdict which fails to do substantial justice between the parties.

It is not for us to invade the province of the jury. In fact a verdict will not be set aside or altered unless it is, (1) flagrantly excessive or inadequate; or (2) so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motives; or (4) is lacking in evidential support.

If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certainly where the verdict is within a reasonable range as indicated by the evidence the courts should not interfere with what is primarily a jury question.

Although the evidence may have justified a higher award, such is not controlling. The determinative question posed is whether under the record, giving the jury its right to accept or reject whatever portions of the conflicting evidence it chose, the verdict effects substantial justice between the parties.

*Id.* at 147–48 (citations omitted).

■ B. *Special Verdicts.* The itemizations of damages required by the special verdict form constitute a special finding by the jury. The findings must be supported by evidence. When a special finding of the jury is not supported by the evidence, a new trial must be granted. *Peck v. Hutchinson,* 88 Iowa 320, 328–29, 55 N.W. 511, 514 (1893). In *Webster v. City of Colfax,* 250 Iowa 181, 93 N.W.2d 91 (1958), we affirmed the trial court's granting of a new trial where the jury verdict awarded medical expenses only. The plaintiff received personal injuries in a fall upon an allegedly defective sidewalk. The verdict was for $623.23. The court instructed the jury that if it found the plaintiff was entitled to recover, the amount she was entitled to recover for pain and suffering was left to the sound discretion and sole judgment of the jurors. A special interrogatory asked what amount, if any, they found would compensate the plaintiff for her pain and suffering. In answer to the interrogatory the jury answered "none." We stated:

> While it is true that the assessment of unliquidated damages is peculiarly within the discretion of the jury, yet we have often said that discretion is not unlimited. The applicable rule is that courts will usually not interfere unless the result is a verdict so large or so small that it shocks the conscience. Obviously, the jury awarded damages covering medical expense only, which was inadequate under the record. We are satisfied that the jury's failure to award any sum for pain and suffering and failure to award her any sum for loss of earnings, are sufficient to justify the trial court's conclusion. The general verdict, supplemented by the interrogatories, was clearly contrary to the evidence.

*Id.* at 184–85, 93 N.W.2d at 93.

■ The amount awarded for personal injury and the resulting pain and suffering cannot be determined from evidence of value, there is no market value on such items. The facts of each case determine the value to be placed on such elements of damages.

■ C. *Nominal Damages.* In early Iowa cases an award of one dollar for personal injury was treated as nominal damages. We found such an award really constituted a verdict for the defendant and held a new trial need not be granted. *Rubinson v. Des Moines City Ry.,* 191 Iowa 692, 182 N.W. 865 (1921); *Hubbard v. Town of Mason City,* 64 Iowa 245, 20 N.W. 172 (1884). These early cases distort the nature of nominal damages. Generally, nominal damages are not recoverable in cases in which damages are an element of the cause of action. Because damages are an element of a negligence or comparative fault action, nominal damages should not

be awarded. If a party has suffered personal injury as a result of another's negligence or fault, the injured party is entitled to actual or substantial damages, not nominal damages. *Strever v. Woodard*, 160 Iowa 332, 141 N.W. 931 (1913). Nominal damages are allowed, not as an equivalent for the wrong, but in recognition of a technical injury and by way of declaring a right and are not the same as damages small in amount. *Danker v. Iowa Power & Light Co.*, 249 Iowa 327, 329, 86 N.W.2d 835, 837 (1957).

D. *Inadequate Personal Injury Awards.* We have not adopted an inflexible rule that every verdict awarding only damages for medical expenses in a personal injury action is inadequate as a matter of law. We have affirmed the court's granting of a new trial where the evidence material to the damage award is undisputed and the damage award was approximately equal or less than the special damages. *Schmatt v. Arenz*, 176 N.W.2d 771 (Iowa 1970); *Warrender v. McMurrin*, 256 Iowa 617, 128 N.W.2d 285 (1964); *Webster v. City of Colfax*, 250 Iowa 181, 93 N.W.2d 91 (1958); *Torrence v. Sharp*, 246 Iowa 460, 68 N.W.2d 85 (1955); *Gilbert v. Kinnaird*, 229 Iowa 141, 294 N.W. 272 (1940); *Stone v. Turner*, 178 Iowa 561, 159 N.W. 989 (1916); *Ward v. Marshalltown Light, Power & Ry.*, 132 Iowa 578, 108 N.W. 323 (1906); *Tathwell v. City of Cedar Rapids*, 122 Iowa 50, 97 N.W. 96 (1903).

We have reversed the court's denial of a new trial where evidence material to the damage award is undisputed and the award was nearly equal or less than the special damages. *Witte v. Vogt*, 443 N.W.2d 715 (Iowa 1989); *Householder v. Town of Clayton*, 221 N.W.2d 488 (Iowa 1974); *Shewry v. Heuer*, 255 Iowa 147, 121 N.W.2d 529 (1963); *Allbee v. Berry*, 254 Iowa 712, 119 N.W.2d 230 (1963); *Feldhahn v. Van DeVenter*, 253 Iowa 1194, 115 N.W.2d 862 (1962); *DeMoss v. Brown Cab Co., Inc.*, 218 Iowa 77, 254 N.W. 17 (1934); *Strever v. Woodard*, 160 Iowa 332, 141 N.W. 931 (1913).

We have affirmed the trial court's denial of a new trial where the evidence of the cause or the extent of injury was disputed. *Kautman*, 255 N.W.2d 146 (Iowa 1977); *Nassif v. Pipkin*, 178 N.W.2d 334 (Iowa 1970); *Moore v. Bailey*, 163 N.W.2d 435 (Iowa 1968); *Strayer v. O'Keefe*, 202 Iowa 643, 210 N.W. 761 (1926); *Quenrud v. Moore–Sieg Constr. Co.*, 191 Iowa 580, 181 N.W. 16 (1921); *Hall v. Chicago, B. & Q. Ry. Co.*, 145 Iowa 291, 122 N.W. 894 (1909); *Palmer v. Cedar Rapids & M.C. Ry.*, 124 Iowa 424, 100 N.W. 336 (1904).

We have also reversed the granting of a new trial based on inadequate damages where the evidence as to the nature, extent and severity of the injuries were disputed. *Waddell v. Peet's Feeds, Inc.*, 266 N.W.2d 29 (Iowa 1978); *Kaiser v. Stathas*, 263 N.W.2d 522 (Iowa 1978).

■ III. *Evidence of Damages.* Cowan, age twenty-nine, was injured when the 1977 Chevrolet Chevelle he was driving collided with a 10,800 pound grain truck at a rural county road intersection. The force of the impact was so great the front end of the Cowan vehicle virtually collapsed and the Flannery grain truck was knocked off its course.

Cowan testified his head struck the windshield and his body struck the steering wheel. He admitted he was not using a seat belt. He testified as to the resulting pain and discomfort. He was examined by his family physician, Dr. Youngblade, on the day of the accident and x-rays were taken. Dr. Youngblade prescribed muscle relaxants and pain medication. He also prescribed physical therapy which was administered under his direction over the following few weeks. The medical costs of his services was $123.00. Approximately one month after the accident Cowan was examined and treated by Dr. Hagen, a chiropractor. He prescribed regular chiropractic treatment which continued to the time of trial. The medical costs of his services at the time of trial was $3841.60.

Cowan testified he suffered severe headaches, dizziness, blurred vision and pain in the upper and lower back following the accident. In addition to his testimony, Dr. Hagen testified as to the nature and severity of the injury received in the accident. In

his opinion Cowan would need both chiropractic adjustments and ultrasound or electrical stimulation every week or two for the remainder of his life. He estimated the cost of the adjustments at twenty dollars and the cost for stimulation at fifteen dollars. Other evidence of Cowan's pain and discomfort was offered by his mother and brothers. In addition, Dr. Kralochvil, an orthopedic surgeon who examined Cowan for the Flannerys, diagnosed Cowan suffered a cervical and lumbar strain or sprain as a result of the July 8, 1987, collision.

There was conflicting evidence as to Cowan's injuries and damages. Cowan's testimony on these matters was vigorously challenged. Dr. Youngblade's report reflected that twelve days after the accident Cowan returned to his office with tightness in the left neck and shoulder, and complaints of intermittent severe headache, but no other gross problems. Dr. Youngblade concluded that Cowan had recovered from the injury. In Dr. Kralochvil's opinion, any complaint of muscle spasms would not be attributed to the 1987 accident; the sprain or strain to Cowan's neck or back did not constitute a permanent impairment.

In March of 1988 Cowan submitted a job application for a manual labor job. He certified on the application that he did not have, nor had he ever had, chronic neck pain, neck stiffness, chest pain, back injury, chronic back pain or back stiffness.

■ IV. *Conclusion.* The trial court concluded the total damage award by the jury was reasonable and supported by the record. We agree an award of $21,220 for past and future medical expense does not "shock our conscience" and that there is substantial evidence to support it. What the trial court failed to address is whether this award for medical expenses is inconsistent with the jury's refusal to allow any recovery for past and future pain and suffering. It is illogical to award past and future medical expense incurred to relieve headache, neck and back pain and then allow nothing for such physical and mental pain and suffering. Having determined that these medical expenses were recoverable, there seems no way for the jury to disallow recovery for the appellant's pain and suffering for the same injuries. Although the award may be adequate, a special verdict award of nothing for pain and suffering is inconsistent and unsupported by evidence.

■ Flannery argues Cowan has waived his right to challenge the jury's failure to allow pain and suffering because he made no objection to the court's instructions allowing the jury to believe all, part or none of any witness's testimony and to allow them to determine the amount of each item of damage, if any, sustained by Cowan. The court's instructions must give some leeway to the jury. Neither the court or the parties could anticipate the jury would accept the evidence as to resulting past and future medical expense and then disregard all the evidence as to past and future pain and suffering. Although the instructions are the law of the case, they must be construed as a guide and not as a statement that the door is wide open for the jury to ignore the testimony or to disregard the evidence of pain and suffering. *See Henrich v. Oppedal,* 248 Iowa 509, 516, 81 N.W.2d 429, 433 (1957). The trial court should not discharge the jury until it determines the special verdict is consistent and supported by evidence. The court abused its discretion in failing to grant Cowan's motion for new trial.

■ V. *Disposition.* There is no evidence in the record that the jury's determination of fault was compromised or affected by the evidence of damages. The allocation of thirty percent attributable to Cowan and the additional reduction of the award by three percent because of his failure to wear a seat belt is supported by substantial evidence. Under these circumstances the issue of liability should not be resubmitted on remand. *See Witte,* 443 N.W.2d at 717. The district court judgment is reversed and remanded for new trial upon the issues of damages only; with all items of damages to be determined by the jury.

DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDG-

MENT REVERSED AND REMANDED WITH DIRECTIONS.