Lorraine BANGS, Appellee,

v.

PIONEER JANITORIAL OF
AMES, INC., Appellant.

No. 95–1973.

Supreme Court of Iowa.

Nov. 26, 1997.

John B. Grier and Merrill C. Swartz of
Cartwright, Druker & Ryden, Marshalltown,
for appellant.

Donald G. Beattie and Ed Skinner of Skinner & Beattie, P.C., Altoona, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Pioneer Janitorial of Ames, Inc. has appealed from a judgment for the plaintiff, Lorraine Bangs, in a slip-and-fall case. Pioneer contends that the district court erred in refusing three of its requested instructions and in ordering an additur for medical expenses. The court of appeals affirmed. We vacate that decision, reverse the judgment of the district court, and remand for a new trial.

Bangs sustained serious injuries when, as an employee of a K–Mart store in Ames, she slipped and fell on a floor being waxed by Pioneer. She sued Pioneer and the jury assigned fifty percent fault each to Pioneer and Bangs. It assessed the following damages:

| | |
|---|---|
| Past loss of wages | $32,000 |
| Future loss of earning capacity | 46,800 |
| Past loss of function of the mind and body | 12,800 |
| Future loss of function of the mind and body | 50,000 |
| Past pain and suffering | 50,000 |
| Future pain and suffering | 50,000 |

The verdict allowed nothing for medical expenses, despite undisputed evidence that they exceeded $68,000.

Pioneer moved for a judgment notwithstanding the verdict and for a new trial. Bangs moved to enlarge or modify the judgment to include medical expenses. The court denied Pioneer's motions but granted Bangs' motion to enlarge and ordered an additur of fifty percent of the $68,234.05 in medical expenses claimed by Bangs.

The posttrial motions of both parties agreed on one fact: something went wrong in the jury room; the allowance of damages for pain and suffering, loss of function, and loss of earning capacity, while denying recovery of the associated medical expenses, was inexplicable. The parties disagree, however, as to what caused this to happen and they disagree as to the remedy to be applied.

## I. *The Additur.*

■ Bangs claims the jurors erroneously omitted the medical expenses because they thought they had been paid by a third party. According to Bangs, the proper remedy is an additur. Pioneer responds that Bangs' third-party theory is no more plausible than Pioneer's own theory, which was that the jury compromised liability by reducing the damages. Pioneer claims that the appropriate remedy is a new trial.

The court found as a matter of law that Bangs' medical expenses were proximately caused by her fall and that the jury's special verdict awarding no medical expenses was contrary to the undisputed evidence. The court accepted Bangs' theory that the reason for the omission of medical expenses was the jury's belief that Bangs' medical expenses had already been paid by K–Mart. The court was concerned that K–Mart would seek indemnity against Bangs' recovery of its medical expense payments and that Bangs would therefore be required to "reimburse" K–Mart for medical expenses that she had not received under the verdict. The court stated:

Neither Ms. Bangs nor Pioneer was able to inform the Court with any certainty as to the position K–Mart intended to take concerning indemnification. If K–Mart ultimately seeks and obtains indemnification from the proceeds of this action, injustice would result if the award of damages in this case was not increased to include the undisputed medical expenses. If, however, K–Mart inexplicably elects not to enforce its right of indemnification, no harm would be done by leaving the present Special Verdict intact. A just result cannot be obtained on the issue of medical expenses until the intentions of K–Mart are clear.

K–Mart filed notice of its intention to pursue indemnity against Bangs' recovery, and the court ordered the additur.

■ Pioneer complains that there is no evidence in the record to support the court's conclusion regarding the reason for the omission. The only proffered evidence that bore on this issue was an affidavit by an attorney for Pioneer who stated that a juror had told him that "it was the feeling of the jury that

most likely those expenses had been paid and, therefore, they awarded nothing." This affidavit was presented by Pioneer to support its motion for a new trial. The court held the affidavit to be inadmissible under Iowa Rule of Evidence 606(b) and denied Pioneer's motion for new trial. Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

We believe the court correctly ruled the affidavit to be inadmissible on the new-trial issue, but we believe the affidavit should also have been disregarded on the issue of the additur. The affidavit clearly dealt with a "matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him" and therefore was inadmissible under rule of evidence 606(b).

Because there was no admissible evidence tending to support the court's finding, we conclude that it was improper to order the additur on the assumption that the jury erroneously considered third-party payments.

■ If a verdict is internally inconsistent, as this one was, and there is no way to determine the jury's intent, the proper remedy is a new trial. *Cowan v. Flannery*, 461 N.W.2d 155, 160 (Iowa 1990); *Hoffman v. National Med. Enters., Inc.*, 442 N.W.2d 123, 127 (Iowa 1989).

We hold that a new trial is the appropriate remedy.

## II. *The Instructions.*

■ Pioneer also raises issues concerning the court's denial of several of its requested instructions. We address those issues because they might arise again on retrial. One requested instruction would have informed the jury that, as Bangs' employer, K–Mart had a duty to provide a safe place to work and that each of the parties had the right to assume that K–Mart would comply with this duty. If either party knew or should have known that K–Mart was not fulfilling that duty, that party could no longer rely on the assumption that K–Mart was providing a safe place to work. The court refused to give this instruction because there was no evidence that K–Mart had breached any duty to provide a safe place to work. We agree that the trial court properly refused that instruction.

■ Pioneer also contends that the court erred in refusing its requested instruction regarding Bangs' failure to use an alternate aisle so as to avoid the aisle being waxed. We agree with the district court that the substance of this instruction was already included in the court's instructions on lookout and was therefore unnecessary.

■ Pioneer requested an instruction that, if the wet waxed condition of the aisle was known or obvious, Pioneer could not be liable unless Bangs' attention was diverted or she went down the waxed aisle because the advantage of doing so would outweigh the apparent risk to a reasonable person. The court refused this instruction because it found the plaintiff to be an invitee rather than a licensee and concluded that such an instruction was not required in the case of an invitee.

The Restatement (Second) of Torts section 343A(1) (1965) provides:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

The request for this instruction would treat Pioneer as the possessor of real estate under the Restatement. However, K–Mart was the

possessor, not Pioneer, unless K–Mart had relinquished control of the premises to Pioneer as a contractor. *See Lunde v. Winnebago Indus., Inc.,* 299 N.W.2d 473, 479 (Iowa 1980). There was no evidence of that here. On retrial we assume that unless the case is tried as a true premises liability case, the instruction in question will not be an issue. We therefore decline to proffer an opinion on it.

We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for a new trial.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**