# IN THE COURT OF APPEALS OF IOWA

No. 3-1255 / 13-0959
Filed February 19, 2014

**ZACHARY ROBINSON,**
        Plaintiff-Appellant,

**vs.**

**SHENANDOAH MEDICAL CENTER,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Page County, Richard H. Davidson, Judge.

        Zachary Robinson appeals from the district ruling denying his motion for new trial. **REVERSED AND REMANDED.**

        Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellant.

        Samuel E. Jones and Kerry A. Finley of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee.

        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

In this slip and fall case, the jury awarded Zachary Robinson damages for past medical expenses, but it did not allow damages for pain and suffering. In a motion for new trial, Robinson argued the jury's verdict was inconsistent, relying upon *Cowan v. Flannery*, 461 N.W.2d 155 (Iowa 1990). The district court denied his motion, and Robinson appeals, arguing the district court erred in finding the facts supported the jury's verdict and in concluding the verdict was neither inconsistent nor inadequate. Because we conclude the verdict is inconsistent, we reverse and remand for a new determination of damages.

## I. *Background Facts and Proceedings*.

On March 2, 2010, Robinson slipped on an icy sidewalk outside the emergency room of the Shenandoah Medical Center (Shenandoah) and fell on his right hip and buttocks area. He also hit his arm, though he was not sure where he hit it. After lying on the ground for a second, he picked himself up and proceeded into the ER. He told a member of the hospital's staff that he had slipped and fallen on the sidewalk, and he was instructed to stay in the ER so he could be checked out.

Robinson was examined by a physician's assistant. His right forearm had a contusion and hurt, and his elbow was X-rayed. Robinson was asked to stay at the hospital. However, because it was getting past midnight and he had to be at work the next morning, Robinson left the hospital and went home. His back did not start hurting until the next day when he started work.

A day-and-a-half later, a nurse from the hospital made a courtesy follow-up call to Robinson to see how he was doing. He said he thought something was

wrong with his back and it was still hurting even after taking ibuprofen. He was advised to follow-up with his own doctor, to continue to take ibuprofen, and to use ice or heat for twenty minutes four to five times a day.

Over eighteen months later, at the behest of his lawyer, Robinson went to see a doctor. On September 26, 2011, Robinson reported to Dr. McElderry he had fallen on his buttocks a year–and-a-half prior thereto, and he had experienced some chronic back pain and intermittent right leg pain since then. The doctor found the range of motion in Robinson's back was diminished. Robinson was able to flex forward only forty-five degrees and then it became more painful. He had tenderness over the upper lumbar and lower thoracic spine. The doctor prescribed medications for pain and also recommended physical therapy.

Two months later, Robinson started physical therapy treatment. He attended some sixteen physical therapy sessions spanning from November 30, 2011 to March 19, 2012. His treatments included manual therapy, traction, exercise, ultrasound, and cold packs.

Again, at the behest of his lawyer, Robinson returned to Dr. McElderry February 8, 2013. An MRI was done of Robinson's spine on February, 18, 2013.

Robinson filed a negligence action against Shenandoah, and the matter was tried to a jury beginning April 2, 2013. Evidence was received over two days with arguments heard on the third day. Following arguments, the case was

submitted for the jury's deliberation at 11:00 a.m. The parties agreed to a sealed verdict.[1]

The jury returned its verdict at 1:15 p.m. The jury found both parties at fault and that their fault was the proximate cause of damage to Robinson. The jury assigned fifty-one percent fault to Shenandoah and forty-nine percent to Robinson. In determining damages, the verdict form completed by the jury stated:

> Question No. 6: State the amount of damages sustained by Robinson by Shenandoah's fault as to each of the following items of damage. Do not take into consideration any reduction of damages due to Robinson's fault. If Robinson has failed to prove any item of damage, or has failed to prove that any item of damage was caused by Shenandoah's fault enter 0 for that item.
>
> Medical expenses[2]                    $4368
> Past pain                              $0
> Future pain                         $0
> TOTAL (add the separate items of damage)      $4368

Robinson subsequently filed a motion for new trial contending the jury's award of medical expenses without an award for pain was "grounds for a mistrial." The motion was heard at an unreported hearing. In denying the motion, the court found:

> The evidence presented to the jury in this case included facts that [Robinson] had back pain prior to his fall at [Shenandoah]. [Robinson's] medical records indicated he had been in a serious automobile accident when he was five years old. [Robinson] also admitted at trial that he went to the [Shenandoah]

---

[1] "When parties agree to a sealed verdict, they lose their right to have a verdict returned in open court where inquiry can be made into its findings." *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 610 (Iowa 2006) (citing Iowa R. Civ. P. 1.931). As a result, "it is not possible to use additional deliberations as a remedy for an inconsistency in a verdict when a sealed verdict is used in a case." *Id.*

[2] "Medical expenses" consisted of past medical expenses only. Robinson did not make a claim for future medical expenses.

emergency room in September of 2008 complaining of back pain. Based on this testimony, [Robinson] requested and the court agreed to provide the jury with an aggravation instruction. Jury Instruction No. 23 states:

> If you find [Robinson] had back pain before this incident and this condition was aggravated by this incident causing further suffering, then he is entitled to recover damages caused by the aggravation. He is not entitled to recover for any physical ailment or disability which existed before this incident or for any injuries or damages which he now has which were not caused by Shenandoah's actions.

Thus, it is not illogical for the jury to find that [Robinson's] medical expenses were necessary to determine the extent of any injury following the fall at [Shenandoah] but that [Robinson] had failed to carry his burden of demonstrating that any past or future pain was caused by Shenandoah's actions.

In this case, liability, the cause, nature and extent of Robinson's injuries were all in dispute. In addition, [Robinson's] credibility was an issue throughout the trial. [Shenandoah] presented evidence that [Robinson] was less than honest when providing a complete history to his treating physician, Dr. McElderry, and did not follow through with treatment. Dr. McElderry admitted on cross-examination that because he determined [Robinson] to be dishonest called into question all the patient's subjective statements concerning pain. The doctor further testified that he was offering no opinion for long-term prognosis because of [Robinson's] lack of follow-up. This evidence from [Robinson's] own expert coupled with the fact he waited [eighteen] months following the slip and fall at [Shenandoah] before seeking treatment from Dr. McElderry was evidence for the jury to consider. Further, [Robinson] failed to follow the doctor's advice to return for a visit in [thirty] days and waited two months to initiate physical therapy. Once physical therapy was initiated, he failed to attend a majority of the sessions. These facts along with other instances where [Robinson] had been less than honest may well have given the jury pause when considering [Robinson's] claim of pain attributable to this slip and fall.

Taken as a whole, the facts in this case support the jury's verdict. Most notably: 1) [Robinson] had been in a serious car accident at the age of five; 2) [he] complained of chronic back pain in September 2008; 3) [he] waited [eighteen] months to seek medical treatment following his fall at [Shenandoah]; 4) once receiving medical treatment, [he] failed to follow up with Dr. McElderry and waited more than two months to initiate physical therapy; 5) [he] waited sixteen months to again see Dr. McElderry for his second and final appointment; 6) while [he] had limited

income during the past five years, he did find the means to travel to Omaha, Nebraska six days a week for an extended period; 7) [his] fall was a low impact incident with no objective findings; and 8) [his] own expert testified that it was not typical for someone with [his] complaints to wait [eighteen] months before seeking treatment.

The court concluded "the jury's verdict awarding Robinson medical expenses but nothing for past or future pain was not an inconsistent verdict in this matter," and "the jury's verdict was not inadequate based on the facts as presented." Judgment was entered in accordance with the verdict.

Robinson now appeals. He contends the verdict is inconsistent, not sustained by the evidence and contrary to law, and inadequate.

## II. Scope and Standards of Review.

Our review of a district court's ruling on a motion for a new trial depends on the grounds raised in the motion. *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001). When the motion and ruling are based on discretionary grounds, our review is for abuse of discretion. *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006). However, when the motion and ruling are based on a claim that the district court erred on issues of law, we review for correction of errors of law. *Id*.

Although the trial court generally has some discretion when faced with inconsistent answers in a jury verdict, the question of whether the verdict is inconsistent so as to give rise to the exercise of that discretion is a question of law, and we therefore review the district court's conclusion as to whether the jury's answers are inconsistent for correction of errors at law. *Id*. "Because the sufficiency of the evidence presents a legal question, we review the trial court's ruling on this ground for the correction of errors at law." *Estate of Hagedorn ex*

*rel. Hagedorn v. Peterson*, 690 N.W.2d 84, 87 (Iowa 2004). A ruling on a motion for new trial, as it pertains to the adequacy of a jury verdict, is reviewed for abuse of discretion. *Matthess v. State Farm Mut. Auto. Ins. Co.*, 521 N.W.2d 699, 702 (Iowa 1994).

### III. Discussion.

In evaluating whether a verdict is inconsistent, we consider whether it "can be reconciled in any reasonable manner consistent with the evidence and its fair inferences, and in light of the instructions of the court." *Hoffman v. Nat'l Med. Enters., Inc.*, 442 N.W.2d 123, 126-27 (Iowa 1989). If it cannot be reconciled because it is so logically and legally inconsistent, the verdict will be set aside. *Id.* at 127.

In *Cowan*, the supreme court considered whether, in a personal injury action, a verdict was inconsistent and inadequate where a jury had awarded past and future medical expenses but did not award the plaintiff for loss of earning capacity, loss of bodily function, or pain and suffering. 461 N.W.2d at 159. The court stated there is not "an inflexible rule that every verdict awarding only damages for medical expenses in a personal injury action is inadequate as a matter of law." *Id.* In evaluating prior case law, it found the grant or denial of a new trial depends on whether the evidence on damages is disputed and whether the evidence on the cause or extent of the injury is disputed. *See id.*

Even though there was conflicting evidence as to Cowan's damages and injuries, the court determined the verdict was inconsistent, concluding:

> It is illogical to award past and future medical expense incurred to relieve headache, neck and back pain and then allow nothing for such physical and mental pain and suffering. Having determined

that these medical expenses were recoverable, there seems no way for the jury to disallow recovery for the appellant's pain and suffering for the same injuries. Although the award may be adequate, a special verdict award of nothing for pain and suffering is inconsistent and unsupported by evidence.

*Id.* at 160. The supreme court reiterated these sentiments in *Fisher v. Davis*, 601 N.W.2d 54, 59 (Iowa 1999). The inconsistency in such a verdict occurs because the jury's award recognizes that an injury in fact took place yet denies in effect that any pain and suffering took place. *See Foggia v. Des Moines Bowl-O-Mat, Inc.*, 543 N.W.2d 889, 892 (Iowa 1996).

When a jury is asked to itemize damages into elements, each itemization is a special jury finding that must be supported by substantial evidence. *See Matthess*, 521 N.W.2d at 703. We find the jury's itemization in this case is not supported by substantial evidence, and an inconsistent verdict was rendered. The jury determined that Shenandoah was partially at fault and a proximate cause of some damage to Robinson. In itemizing that damage, it awarded Robinson the full amount he requested for past medical expenses, but awarded nothing for his pain. This verdict is inconsistent because it identifies an injury and pain caused by the defendant, but fails to compensate the plaintiff for the pain stemming from the injury.

Shenandoah argues the verdict is not inconsistent. It suggests Robinson's medical care and treatment were for preventative and diagnostic purposes only and not necessarily reflective of any pain resulting from the fall. If the jury could have concluded from the evidence that the only damages caused by Shenandoah's negligence were the medical expenses incurred to determine whether injuries resulted from the fall, we would be inclined to agree with

Shenandoah. But such is not the case. To be sure, a reasonable jury, particularly in light of the evidence of Robinson's lack of credibility and prior medical history, could find the medical expenses incurred for the X-ray, Dr. McElderry's services, and the MRI were diagnostic only and not necessarily evidence of any pain Robinson experienced as a result of the fall. But the jury also awarded Robinson the full amount of medical expenses incurred for physical therapy. It cannot be seriously argued that the physical therapy was for diagnostic purposes only. The physical therapy treatments, consisting in part of manual therapy, ultrasound, and cold packs, were for treatment of pain. The physical therapy records specifically indicate one purpose of the treatment was to "decrease pain"—an obvious recognition there was pain. We must therefore conclude the jury awarded medical expenses for the treatment of pain but did not allow any recovery for that pain.

It was illogical for the jury to award Robinson medical expenses to treat his pain and then allow nothing for the pain. *Fisher*, 601 N.W.2d at 59; *Cowan*, 461 N.W.2d at 160. Having determined the physical therapy expenses were recoverable, there seems no way for the jury to disallow recovery for the pain that necessitated the treatment. Although the jury's award may be adequate, its special verdict award of nothing for pain is inconsistent and unsupported by evidence. *Cowan*, 461 N.W.2d at 160.

We cannot reconcile the jury's special findings and therefore must reverse its verdict as to damages. We affirm its verdict as to liability. *See Thompson v. Allen*, 503 N.W.2d 400, 401-02 (Iowa 1993) (ruling that a new trial was required on the issue of damages but not on liability when there was no evidence that the

jury's determination of fault was compromised or affected by the evidence of damages).  Accordingly, we remand to the district court for a new determination of damages.

**REVERSED AND REMANDED.**