# IN THE COURT OF APPEALS OF IOWA

No. 14-1060
Filed June 10, 2015

**EARTH-LINKED WIND SOLUTIONS, L.L.C.,**
    Plaintiff-Appellant,

**vs.**

**HEARTLAND ENERGY SOLUTIONS, L.L.C.,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Ringgold County, Gary G. Kimes,

Judge.

    The plaintiff appeals the district court's order denying its motion for new

trial. **AFFIRMED.**

    Jason A. Springer of Springer Law Firm, Des Moines, for appellant.

    Eric M. Updegraff of Stoltze & Updegraff, P.C., Des Moines, for appellee.

    Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

Earth-Linked Wind Solutions, L.L.C. (ELWS) contracted with Heartland Energy Solutions, L.L.C. (Heartland) to refurbish two wind turbines. Heartland performed work pursuant to the contract and sought full payment from ELWS. ELWS declined to pay, believing Heartland failed to perform all the required work. Heartland ultimately sold the turbines to a third party.

ELWS sued for breach of contract[1] and Heartland counterclaimed for breach of contract. The district court provided the jury with the following statement of the case:

> In this case [ELWS] is seeking payment for money damages stemming from a contract between the parties to refurbish two separate single wind turbines. It is disputed between the parties whether or not [Heartland] performed all the work required by the contract. [ELWS] will argue that [Heartland] breached the contract by not completing the work required in the contract and then selling the turbines to a third party. [Heartland] will argue that the contract was fulfilled and the turbines were sold to a third party to provide final payment not made by [Heartland]. [Heartland] filed a counterclaim against [ELWS], seeking monies owed to them to make them whole pursuant to the aforementioned contract. [Heartland] attempted to establish an artisan's lien on the property and provided [ELWS] with notice of its intent of disposition of the property. [ELWS] provided notice to [Heartland] of [ELWS's] belief that the work was not completed. [ELWS] is seeking damages for breach of contract and conversion of [ELWS's] property from [Heartland]. [Heartland] is seeking the remaining amounts of money for the agreed-upon price to refurbish the turbines.

At the conclusion of trial, the jury received a verdict form asking, "Do you find that Heartland breached the contract?" The jury answered "No." The jury was also asked, "Do you find that ELWS breached the contract?" Again, the jury answered "No." ELWS moved for a new trial, which the district court denied.

---

[1] Other claims raised by ELWS are not at issue.

On appeal, ELWS contends (1) the jury rendered an inconsistent verdict and (2) the verdict was not supported by substantial evidence and amounted to substantial injustice.

## I. Inconsistent Verdict

ELWS contends the jury's findings that neither party breached the contract were inconsistent. In its view, "[i]t is impossible for both parties to not breach the contract based on the facts of the case and the evidence established at trial." Accordingly, ELWS argues, it is entitled to a new trial. *See Pavone v. Kirke*, 801 N.W.2d 477, 498 (Iowa 2011) ("If the jury's special findings of fact are internally inconsistent with each other, the district court may . . . grant a new trial.").

"[A] verdict is not inconsistent if it can be harmonized in a reasonable manner consistent with the jury instructions and the evidence in the case, including fair inferences drawn from the evidence." *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 613 (Iowa 2006). The two jury findings are capable of being harmonized.

The district court instructed the jury:

> In order to prove a breach of contract, a party must prove all of the following propositions:
> 1. The parties were capable of contracting;
> 2. The existence of a contract;
> 3. The consideration;
> 4. The terms of the contract;
> 5. The Plaintiff has done what the contract required;
> 6. The Defendant has breached the contract;
> 7. The amount of any damage Defendant has caused.
> If the party has failed to prove any of these propositions, the party is not entitled to damages. If the Plaintiff has proven all of these propositions, the Plaintiff is entitled to damages in some amount.

The court further instructed the jury:

> The existence of a contract requires a meeting of the minds on the material terms. This means the parties must agree upon the same things in the same sense. You are to determine if a contract existed from the words and acts of the parties, together with all reasonable inferences you may draw from the surrounding circumstances.

And, the court instructed, "A breach of the contract occurs when a party fails to perform a term of the contract."

The jury reasonably could have found there was no meeting of the minds as to what constituted full performance under the contract. The agreement between ELWS and Heartland excluded certain work from the base contract price, as follows: "The S15 Controller is not included within this Base Line Pricing. Any work provided by [Heartland] in relation to the S15 controller and any related Controller parts shall be by a separate agreement."

According to the president and CEO of Heartland, the parties negotiated not to have Heartland work on the controller because "[b]oth parties were concerned that they had not made up their mind about what controller they were going to go with." One of the founders of ELWS disputed this broad assertion. He testified the contract exclusion only related to "any parts that had to deal with that down tower controller." In his view, ELWS was to provide the "down controller box and the up controller box" and instruct Heartland on how to wire the gearbox, while Heartland was to provide the "sensors and wires and cables" and install those items as instructed.

Heartland did not install the sensors and wires associated with the controller because it believed this work was excluded from the contract. ELWS did not pay Heartland the final installment owing under the contract because it

believed this work was included in the contract. In short, each side had a different understanding of the exclusion clause.

The parties also had different understandings of how Heartland would notify ELWS of its completed performance. Heartland asserted an invoice showing the balance due on the contract sufficed. ELWS argued it should have received a formal notice of completion. Again, the jury could find there was no meeting of the minds on this contract term.

Absent a meeting of the minds, no contract existed and there could be no breach by either party, as the jury found. Because the findings were consistent, the district court did not err in denying ELWS's new trial motion. *See id.* at 609 (reviewing claim of inconsistent verdicts for errors of law).

## II. *Sufficiency of Evidence/ Substantial Justice*

ELWS contends the jury's findings were not supported by sufficient evidence. *See* Iowa R. Civ. P. 1.1004(6) (authorizing new trial where verdict "is not sustained by sufficient evidence"). Heartland counters that this argument is "simply a reiteration" of ELWS's inconsistent jury verdict claim. We agree. In any event, the evidence summarized above constitutes sufficient evidence to support the jury's findings of no breach.

ELWS also argues the verdict failed to accomplish substantial justice. A district court has broad discretion in determining whether a verdict effectuates substantial justice between the parties. *Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990). For the stated reasons, we conclude the verdict accomplished

substantial justice and the district court did not abuse its discretion in denying the new trial motion.

**AFFIRMED.**